ROMEO REALTY CORPORATION, Appellant, v. PHILIP BELLANTONI, Respondent.— In an action to recover damages for breach of contract and for defendant's negligence in its performance, in which defendant counterclaimed (1) for an unpaid balance on the contract price; and (2) for the value of additional services rendered to plaintiff at its request, plaintiff appeals from a judgment of the County Court, Westchester County, entered March 22, 1962, after trial upon a jury's verdict, dismissing the complaint and awarding damages to defendant on his counterclaims. Judgment reversed on the law and the facts, and a new trial granted, with costs to plaintiff to abide the event. We are of the opinion that the verdict was against the weight of the credible evidence. Beldock, P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.

JOSEPH SANSIVERO, an Infant, by ANTHONY SANSIVERO, His Guardian ad Litem, et al., Respondents, v. HILDA GARZ et al., Appellants.— In a negligence action by the infant plaintiff to recover damages for personal injury sustained after he had emerged from between two stopped automobiles and came into the path of an oncoming motor vehicle owned by the defendant Hilda Garz and operated by the defendant Albert Garz; and by the infant's father to recover damages for medical expenses and loss of services, the defendants appeal from a judgment of the Supreme Court, Queens County, entered April 3, 1963 after trial, upon a jury's verdict in favor of the infant plaintiff for $5,000 and in favor of his father for $1,000. Judgment reversed on the law, and a new trial granted, with costs to abide the event. No questions of fact were considered. The trial court was required to take judicial notice of the New York City Traffic Regulations (Administrative Code of City of New York, § 982–8.0; New York City Charter, §§ 883, 1105 [formerly §§ 1063, 885, respectively]). Hence, it is our opinion that, under the circumstances disclosed by this record, prejudicial error occurred when the trial court: (a) denied the jury's request, made in the course of their deliberation, that a pertinent section of the Traffic Regulations be read to them; and (b) refused to repeat its charge, which had been made at defendants' request, as to the substance of the traffic regulation concerning the required stopping distance of a motor vehicle with four-wheel brakes going 20 miles an hour on a straight and level road. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.